BISHOP and another vs. ALDRICH and another, imp.

*February 24 — March 9, 1880.*

| 48  | 619  |
|-----|------|
| 101 | 532  |

| 48  | 619   |
|-----|-------|
| 110 | 4569  |

EQUITY. *(1) Cancelling conveyance from parent to child, in consideration of maintenance. (2) Rights of grantee as to expenses already incurred.*
PRACTICE. *(3) Remedy for failure of complaint to set out instruments. (4) Terms of leave to answer on overruling demurrer.*

1. In 1875, plaintiffs, a married couple, old and infirm, conveyed the homestead farm to their daughter C., on the sole consideration that she should support and maintain them during the remainder of their natural lives; and at the same time the daughter executed to her father an instrument

called in the complaint a "lease of said lands to hold the same during his life-time" and that of his wife, with a covenant to support them during their lives in a comfortable manner, and a provision empowering them, or either of them, upon breach of such covenant, to take possession of the premises and hold them for their support and maintenance. A few months afterwards, the daughter died; since that time plaintiffs have supported themselves; all the children and heirs-at-law of C., except one, are non-residents of this state, and "do not desire to carry out" C.'s agreement with plaintiffs, and that one is not of sufficient ability to do so. *Held*, that equity, at plaintiffs' suit, will cancel the conveyance to C. *Bogie v. Bogie*, 41 Wis., 209, and *Bresnahan v. Bresnahan*, 46 id., 385.

2. *It seems* that if, between the date of such conveyance and C.'s death, she expended for plaintiffs' support more than she received from them, the court may make her personal representative a party to the action, ascertain the amount, and require payment thereof as a condition of relief.

3. Plaintiffs' failure to set out the conveyance and lease or defeasance can be reached only by motion to make the complaint more definite and certain, and not by general demurrer.

4. On overruling such a demurrer, it was competent for the court to require defendants to pay ten dollars, in addition to the taxable costs of the order, as a condition of leave to answer.

APPEAL from the Circuit Court for *Portage* County.

This action was brought to procure the rescission of a conveyance of lands executed by the plaintiffs to their daughter, Eliza T. Carlton. The complaint, after alleging that the plaintiffs, being old and infirm, conveyed their homestead farm (describing it) to their said daughter, in April, 1875, in consideration that she should support and maintain them during their natural lives, proceeds as follows:

" And thereupon the said Eliza, for the purpose of securing to the plaintiffs the performance of the said agreement, on the said 13th day of April, 1875, made to the said *Levi Bishop* a lease of said lands, to hold the same during his life-time and the life-time of the said *Sarah Bishop*, wife of the plaintiff *Levi Bishop*, which said lease, signed by the said Eliza Carlton, contains the following provisions, to wit: 'That the said party of the first part, in consideration of the sum of $2,500

in hand paid by the party of the second part, does hereby agree and covenant to support the said *Levi Bishop* and his wife *Sarah Bishop* during their natural lives, in a good and comfortable manner, and to give them decent burial at their deaths.'

"And it was therein provided that if the said party of the first part, in the said lease, should at any time fail to provide for the said *Levi Bishop* and his wife *Sarah Bishop*, or either of them, in the manner hereinbefore stated, then the said *Levi Bishop*, or his wife *Sarah Bishop*, or either of them, may take full possession of the said premises and hold them for their support and maintenance. But the plaintiff alleges that the sole consideration of the said deed was the agreement of the said Eliza to support, maintain and provide for the plaintiff and his wife *Sarah* as aforesaid, and no money consideration whatever was paid or promised therefor."

The complaint further alleges the death of Mrs. Carlton during the same year; that the defendants are her children and heirs-at-law; that all of them, except *Lizzie Aldrich*, reside in New Hampshire, and do not desire to carry out their mother's agreement with the plaintiffs, and that said *Lizzie* is not of sufficient ability to do so; that if such heirs were willing and able to do so, the plaintiffs are not willing to continue the said agreement with them; and that since the death of Mrs. Carlton the plaintiffs have supported themselves.

The defendants *Lizzie* and *May Aldrich* demurred to the complaint on the ground that it fails to state a cause of action, and appealed from an order overruling their demurrer. The order gave the defendant leave to answer in twenty days, on payment of the costs of the order and $10 attorney fees.

*H. W. Lee*, for the appellants.

*G. W. Cate*, for the respondents.

LYON, J. In *Bogie v. Bogie*, 41 Wis., 209, it was held, on principle and authority, that an entire failure to perform cov-

enants for support and maintenance, which constituted the consideration for a conveyance, was sufficient to authorize a court of equity to rescind the conveyance. It would be useless to repeat here the reasoning, or again refer to the authorities, upon which the judgment in that case was based. The rule of *Bogie v. Bogie* was reässerted in *Bresnahan v. Bresnahan*, 46 Wis., 385, and must be regarded as the settled law of this state.

This case is not distinguishable in principle from those above cited. The covenants of Mrs. Carlton to support and maintain the plaintiffs were not assignable, and died with her. Her death, a few months after the conveyance, put an end to the obligation to maintain the plaintiffs; and, if the conveyance stands, her heirs would take the land conveyed to her, subject to the life lease, without any obligation on their part to perform her covenants. This would be most inequitable. The use of the property may or may not be sufficient to maintain the plaintiffs; but whether it is or not, the principle is the same. The consideration for the conveyance has failed, and, under the circumstances peculiar to cases of this class, the conveyance ought to fail with it.

The fact that Mrs. Carlton made a life lease (so called) of the land to the plaintiffs, is not important. That instrument is not strictly a lease, but a sort of defeasance, giving a right of entry only upon failure of Mrs. Carlton to perform her covenants. It is but a security for such performance, like the agreement in the Bogie case, or the bond and mortgage in the Bresnahan case, and does not affect the relief to which the plaintiffs would be entitled had it not been given. If Mrs. Carlton expended more for the support of the plaintiffs than she received from them during the few months that she lived after the conveyance was made to her, it is probable that the court may make her personal representative a party to the action, ascertain the amount, and require it to be paid as a condition of relief.

It is urged that the plaintiffs should have set out the conveyance, and lease or defeasance, in their complaint. Whether they ought to have done so is a question that cannot be determined on general demurrer. That defect (if it be one) can only be reached by a motion to make the pleading more definite and certain. The only question on this demurrer is, Does the complaint allege facts sufficient to constitute a cause of action? This question must be answered in the affirmative.

It was undoubtedly competent for the court to require the appellants to pay ten dollars in addition to the taxable costs of the order, as a condition to granting them leave to answer

*By the Court.* — Order affirmed.