[No. 1709 and 1710.  Decided July 30, 1895.]

J. A. Schoonover, *Respondent*, v. H. J. Condon, *Defendant*, Kittie Grady, *Appellant*.

12  475
23  304

APPEAL — SUFFICIENCY OF EXCEPTIONS — FORECLOSURE OF CHATTEL
MORTGAGE — INJUNCTION TO PREVENT DESTRUCTION OF PROPERTY.

A general exception to the findings of fact made by the court is insufficient to raise any question as to the evidence introduced on the trial.

Pending proceedings to foreclose a chattel mortgage, the court, upon a proper application showing threatened impairment of plaintiff's security, has authority to restrain the destruction of the property by the issuance of a temporary injunction.

*Appeal from Superior Court, Jefferson County.*

*A. W. Buddress*, for appellant.

*Trumbull & Trumbull*, for respondent.

The opinion of the court was delivered by

Scott, J.—The respondent instituted this action to foreclose a chattel mortgage on a certain crop consisting of hay and potatoes, and joined Grady as one of the defendants on the ground that she had, or claimed to have, some interest in the property. Two appeals have been taken by her, which were heard and submitted at the same time. In the main action judgment was rendered in favor of the respondent, decreeing a foreclosure of the mortgage, and preliminary thereto a number of findings of fact were duly made by the court. Some of the findings are not questioned. Appellant excepted to the whole as follows: "To which findings and conclusions and each of them defendant Kittie Grady excepts."

The only questions sought to be raised upon this appeal relate to the evidence, and respondent contends

that we cannot consider the same because no sufficient exceptions were taken to the findings. This objection is well taken and the judgment is affirmed.

The other appeal was from an interlocutory order restraining appellant from disposing of the property pending the litigation, and it is contended that the court had no authority to grant the same. We think, however, that the showing thereof was sufficient. It was in substance that the defendant had already fed a large quantity of the hay to her cattle, and that the remainder of the mortgaged property was not sufficient to pay plaintiff's claim, and that if she continued to consume and dispose of the property the plaintiff would suffer irreparable injury, etc.

It is a well settled proposition that pending proceedings to foreclose a mortgage the court, upon a proper application by the plaintiff, has authority to restrain the destruction of the property. Otherwise the results of the litigation might become entirely lost to the plaintiff.

Affirmed.

HOYT, C. J., and DUNBAR, GORDON and ANDERS, JJ., concur.