[No. 2992. Decided January 7, 1899.]

JOSEPH PAYETTE, *Appellant*, v. J. W. FERRIER, *Administrator, et al.*, *Respondents*.

| 20 | 479' |
| 23 | 301, |
| 20 | 479 |
| s31 | 44 |
| 20 | 479. |
| 41 | 578| |

PARENT AND CHILD—CONVEYANCE FOR LIFE SUPPORT—RESCISSION—RES JUDICATA.

A court of equity has jurisdiction to cancel a deed made by a parent to a child in consideration of support and maintenance, where the consideration therefor, which is a personal and continuing one, fails either from the refusal of the child to perform the agreement, or from an attempted conveyance or mortgage of the land by the child, or from the death of the child.

A decree in a former action by a father against a child denying a rescission of a conveyance to the child for failure to furnish support does not constitute a bar to a later action by the father for a rescission, when the grounds of the second action,

viz., the conveyance of the lands in controversy to a third party and the death of the child, were not considered or determined by the court in the prior action.

Appeal from Superior Court, Lewis County.—Hon. W. H. H. KEAN, Judge. Reversed.

*J. E. Willis,* for appellant.

*Reynolds & Stewart,* and *Millett & Harmon,* for respondents.

The opinion of the court was delivered by

GORDON, J.—Two causes of action are attempted to be set up in the complaint,—the first, to subject the premises in question to a lien for plaintiff's support; and the second, to cancel and set aside a conveyance of the premises made to Jacob Patton and Ida Payette Patton, and also to cancel and set aside a mortgage upon the premises given by Jacob and Ida Patton to the respondent Jacobus. It appears from the complaint that on the 9th day of March, 1882, the plaintiff, a widower, and the father of Ida Payette Patton, was the owner of the premises involved in this controversy (being a farm located in Lewis county), and, desiring to make provision for his support and maintenance in his declining years, executed and delivered to his daughter and her husband a conveyance of the farm,

" In consideration of one dollar in hand paid and also the following agreement, covenants herein mentioned to be hereafter performed. It is to clothe, board, and maintain the said Joseph Payette during his life time, or at the option of either party to pay a yearly rent of one hundred and fifty pounds of pork, fifty pounds of beef, twelve pounds of rice, fifteen pounds of soap, two gallons of coal oil, twenty-five pounds of Liverpool salt, and when I am unable to get my wood to get it for me, and buy me one dollar's medicine per year, if I need it, ten pounds of butter and two and one-half barrels of flour, sixty pounds of sugar, twelve pounds of coffee, five pounds of tea, one

suit of clothes cost about eight dollars, two pair of overalls, one pair of drawers, two pairs half hose, one pair of boots to cost five dollars, one pair of brogans and one milch cow, if needed; also, if in need of a cooking stove to pay half of the cost of the stove."

The deed was accepted and forthwith recorded, and on August 13, 1883, the daughter and her husband mortgaged the premises to the respondent Jacobus to secure an alleged indebtedness for $400. Respondents Ferrier and Jacobus are the only defendants who appeared in the action, and their separate demurrers were sustained and judgment of dismissal followed.

The question for determination is, does the complaint state a cause of action against either or both of the respondents? Ida Payette Patton died in August, 1891, and Jacob Patton died in March, 1892. Respondent Ferrier is administrator of their estates, and respondent Mary Saunders is guardian of their minor children. Plaintiff bases his right to a lien upon the land for support and maintenance upon a decree of the superior court of Lewis county entered in March, 1896, in a suit then pending between the present parties, with the exception of respondent Jacobus, who was not joined in that action. That action was based upon an alleged failure to furnish support prior to the year 1895. The court denied a rescission, but entered a decree which recited that plaintiff was given a right to a lien upon the premises for the support to which he was entitled for the year 1893 and subsequent years. Appellant insists that this decree established his right to a lien, and that the question is *res adjudicata* as to respondent Jacobus, although he was not a party to that suit, and bound him, as the privy of the grantees Patton and wife. The conclusion we have reached regarding the other cause of action set up in the complaint makes it unnecessary to determine the effect of the former decree as regards the question of plaintiff's right to a lien.

We think the demurrer was improperly sustained as to the second cause of action. The jurisdiction of a court of equity to cancel a conveyance made by a parent to a child, when the child fails to furnish the support provided by the agreement constituting the consideration for the conveyance, is well established. *Bogie v. Bogie,* 41 Wis. 219; *Thomas v. Thomas,* 24 Ore. 251 (33 Pac. 565); *Patterson v. Patterson,* 81 Iowa, 626 (47 N. W. 768); *Bresnahan v. Bresnahan,* 46 Wis. 385 (1 N. W. 39); *Jenkins v. Jenkins,* 3 T. B. Mon. 327; *Scott's Heirs v. Scott,* 3 T. B. Mon. 2; *Leach v. Leach,* 4 Ind. 628 (58 Am. Dec. 642); *Bishop v. Aldrich,* 48 Wis. 619 (4 N. W. 775); *Reid v. Burns,* 13 Ohio St. 49.

In *Bogie v. Bogie, supra,* the court say:

" The conveyances of property by aged and infirm people to their children in consideration of promised support and maintenance, are somewhat peculiar in their character and incidents, and must sometimes be dealt with by the court *on principles not applicable to ordinary conveyances."*

And in that case it was ruled that the failure of the child to perform the agreement to support entitled the father to a rescission of the conveyance. It appears from the complaint in the present case that the sole consideration for the conveyance from the plaintiff to his daughter and her husband was their agreement to support and maintain him. The duty to do so was and became a personal and continuing one. The obligation was not assignable, but to be performed by them only. The mortgage executed by the grantees to the respondent Jacobus must be given the same effect as a deed, and it is well settled that, where the child attempts to transfer and assign this personal obligation for maintenance which he owes to his parent, the parent has a right to a rescission and cancellation of the conveyance. As said in *Thomas v. Thomas, supra:*

" . . . the consideration for the conveyance, was a personal obligation, to be performed by him [the son] alone, and could not be assigned, without the consent of the father, so as to substitute some other person in his place. . . . The sale of the land by the son puts it out of his power to comply with the conditions upon which he was to receive the title, and utterly defeats the object sought by plaintiff in making the conveyance, and therefore works a forfeiture of the estate. *Any other rule would destroy the very purpose of the grant, and render the grantor dependent for his support and maintenance upon the pleasure and convenience of successive assignees, whether agreeable to him or not.* Nothing can be more effectual, in securing the faithful performance of a contract of this kind, than the right of the parent to revest the entire estate in himself upon a breach by the son, in putting himself in a position where he is unable to comply with his contract. The rule which holds the child to a strict performance of his part of the contract, and gives the parent the right to recall the gift if he fails, is founded upon obvious principles of justice and right, and is the only rule, it seems to us, which will preserve the rights of a parent who enters into a contract of the character now under consideration."

We think there is also another reason why the plaintiff is entitled to be revested with title. The covenants of the grantees to support and maintain the plaintiff were personal and died with them. The happening of that event put an end to the obligation. *Bishop v. Aldrich, supra.* Upon principle, the question does not differ from the one we have just discussed. The right of the parent to a return rests in either case upon the failure of consideration, and inability of his child to render the service or perform the condition upon which he was intrusted with the property.

Respondent Jacobus, having constructive notice of the conditions and covenants contained in the deed from

plaintiff, occupies no better position than his co-respondent Ferrier.

We think the decree in the former case constitutes no bar to plaintiff's recovery upon the grounds herein discussed. As already noticed, the rescission in the other action was claimed solely upon the ground of failure to furnish support, and the effect of the conveyance to respondent Jacobus, or of the death of the grantees, appears not to have been considered or determined by the court.

Our conclusion is that upon the allegations of the complaint the plaintiff is entitled to a cancellation of the instruments herein referred to. The cause will be remanded, and the superior court directed to overrule the demurrers to the second cause of action. Reversed accordingly.

SCOTT, C. J., and DUNBAR, REAVIS and ANDERS, JJ., concur.