[No. 4134. Decided February 11, 1903.]

JOSEPH PAYETTE, *Respondent,* v. J. W. FERRIER, *as Administrator, Appellant.*

APPEAL — FINDINGS OF FACT — EXCEPTIONS.

Exceptions to findings of fact are unnecessary, where judgment is given on the pleadings, and that is the only error assigned.

JUDGMENT ON PLEADINGS — DENIAL OF IMMATERIAL ISSUES.

In an action for the rescission of a conveyance, because the obligation to support the grantor during his life had been ended by the death of the grantees, judgment for the grantor on the pleadings was warranted, where the answer admitted the consideration for the deed and the death of the grantees and its only denials were addressed to the immaterial allegations of the com-

plaint that the sum of one dollar specified in the deed had not been paid and that the grantees had not supported the grantor for certain years.

JUDGMENTS — RES JUDICATA.

A judgment giving a right of lien for support against lands conveyed by plaintiff in consideration thereof, but denying rescission based on the failure of defendants to support plaintiff. is not *res judicata* as to a subsequent action which seeks rescission on the ground of the cessation of the obligation to support by reason of the death of the grantees.

SAME — LAW OF THE CASE.

Where a plea of *res judicata* was determined on a prior appeal of the same cause adversely to appellant, it became the law of the case on a retrial thereof.

Appeal from Superior Court, Lewis County.—Hon. WILLIAM O. CHAPMAN, Judge. Affirmed.

*Reynolds & Stewart,* for appellant.

*J. E. Willis* and *Joseph Payette,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—This is the second appeal in this cause. The opinion of this court on the former appeal is reported in 20 Wash. 479 (55 Pac. 629), and, as therein stated, two causes of action are attempted to be set up in the complaint: The first, to subject the premises in question to a lien for plaintiff's support; and the second, to cancel and set aside a conveyance of the premises made to Jacob Patton and Ida Payette Patton, and also to cancel and set aside a mortgage upon the premises given by Jacob and Ida Patton to the defendant Jacobus. For a second cause of action the complaint alleges, in substance, among other things, that on the 9th day of March, 1882, the plaintiff, in order to secure for himself for the remainder of his life protection and support at the hands of his daughter, Ida Payette Patton, and her husband, Jacob Patton, both of

whom died in Lewis county, Washington, before March, 1892, conveyed to said Jacob Patton and wife the lands described in the deed attached to and made a part of the complaint, and in which deed the said grantees covenanted and agreed to clothe, board, and maintain the said grantor during his lifetime, or, at the option of either party, to furnish him each year certain specified kinds and quantities of provisions, clothing, and medicine, if needed, and fire wood in case he should be unable to get it himself, and one cow, if needed, and, if in need of a cooking stove, to pay one-half of the cost thereof; that J. W. Ferrier was appointed administrator of the estates of Ida Payette Patton and Jacob Patton by the superior court of Lewis county on February 25, 1893, and is now the legally qualified and acting administrator; that May Saunders was appointed guardian of the minor children (mentioning them) of Jacob Patton and wife, now deceased, and still is such guardian; that the defendants have not boarded, clothed, maintained, or cared for this plaintiff, neither have they paid the yearly rent of articles mentioned and reserved in said deed by this plaintiff for the years 1893, 1894, 1895, and 1896, and the same is now due and payable; that, although one dollar is mentioned in said deed as a part of the consideration for the same, as a matter of fact it was not intended as any part of such consideration, was never paid, and was inadequate and insufficient as a consideration, as compared with the value of said premises; that said instrument was executed and delivered in consideration of the agreement of Jacob Patton and Ida Payette Patton, therein set forth, to maintain, care for, and support this plaintiff, or to pay a yearly rental of necessaries and supplies therein reserved, for and during the natural life of the plaintiff, on the first day of December of each and every year during plaintiff's

lifetime, and that said deed was accepted by said grantees with all the reservations and conditions therein contained; that the consideration for said deed of conveyance, as reserved therein, has utterly failed, and has not been paid to this plaintiff, which consideration was well known to all of the above named defendants; that on July 14, 1894, the said J. W. Ferrier, as administrator of said estate, in pursuance of an order made by the judge of the superior court, sitting in probate, sold the remainder of the real estate described in this complaint, after setting apart a homestead to said minor children of the deceased as directed by said court, to one Cora Blake, which premises so sold are particularly described in the complaint; that said Cora Blake at the time had notice of the state of the title to said premises; that the court at the time of signing the said order of sale was not aware of the fact that this plaintiff had or claimed an interest in said lands and premises, but said defendants J. W. Ferrier and J. R. Jacobus each knew, when said sale was pretended to be made, that this plaintiff did have an interest in said premises, and that said pretended sale was a fraud upon his rights, and, as to him, was null and void; that the defendants Lena Patton, Annie Patton, Charles Patton, and Willie Patton are in the actual occupancy and possession of said premises, and that the defendants and each of them claim to have some lien or claim against said premises, the precise nature of which is to this plaintiff unknown, but whatever lien or claim said defendants have, if any, is junior and subject to the plaintiff's right to said premises. The prayer of the complaint is for judgment for $900, the reasonable value of the supplies which should have been furnished plaintiff for the year 1893 and up to and including the year 1896, less the sum of $80.70, the costs adjudged against the plaintiff in an ac-

tion commenced by him in the superior court of Lewis county in the year 1895 against all the defendants herein, except J. R. Jacobus. (This portion of the prayer refers especially to matters set forth in the first cause of action.) The plaintiff further prays in his complaint that his lien or claim for supplies due be foreclosed and the premises sold in satisfaction thereof, or that the deed given by the plaintiff to Ida Payette Patton and Jacob Patton be rescinded and canceled, that the plaintiff may have the possession of the premises, and for such other and further relief as to the court may seem equitable. We have thus briefly set forth the facts constituting plaintiff's second cause of action in order that the decision of this court on the first appeal may be readily understood. This action was commenced in March, 1897. A demurrer was interposed to the complaint by the defendant Ferrier, as administrator, and by the defendant Jacobus. The demurrers were sustained and the action dismissed, whereupon the plaintiff appealed. In the course of the opinion on that appeal this court said:

"Plaintiff bases his right to a lien upon the land for support and maintenance upon a decree of the superior court of Lewis county entered in March, 1896, in a suit then pending between the present parties, with the exception of the respondent Jacobus, who was not joined in that action. That action was based upon an alleged failure to furnish support prior to the year 1895. The court denied a rescission, but entered a decree which recited that plaintiff was given a right to a lien upon the premises for the support to which he was entitled for the year 1893 and subsequent years. Appellant insists that this decree established his right to a lien, and that the question is *res adjudicata* as to respondent Jacobus, although he was not a party to that suit, and bound him, as the privy of the grantees Patton and wife. The conclusion we have reached regarding the other cause of action set up in the

complaint makes it unnecessary to determine the effect of the former decree as regards the question of plaintiff's right to a lien."

It will thus be seen that the only question which was presented for consideration and not determined on the former appeal was simply the *effect* of a decree of the superior court granting the plaintiff a *right* to a lien. And we think the court was fully justified in assuming that, if the complaint stated facts sufficient to entitle the plaintiff to a cancellation of his deed, it was a matter of little or no consequence whether or not he was also entitled to a lien. Upon the question whether the averments of the complaint entitled the plaintiff to a rescission, we there said:

"We think the demurrer was improperly sustained as to the second cause of action. The jurisdiction of a court of equity to cancel a conveyance made by a parent to a child, when the child fails to furnish the support provided by the agreement constituting the consideration for the conveyance, is well established. . . . It appears from the complaint in the present case that the sole consideration for the conveyance from the plaintiff to his daughter and her husband was their agreement to support and maintain him. The duty to do so was and became a personal and continuing one. The obligation was not assignable, but to be performed by them only. The mortgage executed by the grantees to the respondent Jacobus must be given the same effect as a deed, and it is well settled that, where a child attempts to transfer and assign this personal obligation for maintenance which he owes to his parent, the parent has a right to a rescission and cancellation of the conveyance."

For the foregoing reasons, and the further reason that the covenants of the grantees to support and maintain the plaintiff were personal and died with them, and that the happening of that event put an end to the obligation, this court concluded that, upon the allegations of the com-

plaint, the plaintiff was entitled to a cancellation of the instrument therein referred to.

It was there claimed by the defendant Ferrier (appellant here), on the first appeal, that the decree in the former case constituted a bar to plaintiff's recovery in this action, but the court held that this action was not barred thereby for the reason that the rescission was claimed in the other action solely upon the ground of failure to support, and that the effect of the conveyance to respondent Jacobus, or of the death of the grantees, appeared not to have been considered or determined by the court in that action. The cause was accordingly remanded to the superior court, with directions to overrule the demurrers to the second cause of action. Upon receiving the remittitur from this court, the court below set aside the order of dismissal and entered an order in accordance therewith. The defendant Ferrier then filed his answer denying that the defendants had not boarded the plaintiff, or furnished the supplies mentioned in the deed for the years 1893, 1894, 1895, and 1896, and that a consideration of one dollar was not paid for the deed, and setting up the proceedings in the action brought by plaintiff in 1895 against all the defendants herein, except Jacobus, including the judgment therein denying a rescission and cancellation of the plaintiff's deed and awarding costs to the defendant Ferrier, and alleging that from the date of the execution of the deed, in 1882, Jacob Patton and Ida Payette Patton, their minor children, and the defendant Ferrier, as administrator, had been in possession of the premises in controversy, claiming the same adversely to the plaintiff. It was also alleged in the defendant's answer that Ida Payette Patton died in August, 1891, and Jacob Patton died in March, 1892, and that the defendant has been administrator of their estates since April, 1892;

that more than two years after the death of Jacob Patton
and wife, and the appointment of the defendant as such
administrator, the plaintiff commenced an action in the
court aforesaid for the rescission and concellation of his
deed, for the possession of the premises, and for damages
and costs; that judgment was rendered in said action
against the plaintiff (as above stated) on April 27, 1896,
and that no appeal was ever taken from that judgment,
and the same is in full force and effect; that when plain-
tiff's deed was executed the lands therein described were
wild and unimproved, and that Patton and wife, with the
knowledge of plaintiff, had cleared the land and made im-
provements thereon of the value of more than $3,200, and
paid taxes thereon to the amount of $250; that plaintiff
had never paid or offered to pay for said improvements,
or to refund the taxes paid by Patton and wife and the de-
fendant on said premises. It will be observed that the
execution of the deed from respondent Payette to Patton
and wife, as alleged in the complaint, as well as the ap-
pointment of defendant as administrator of their estates,
is admitted in the answer of the defendant. And it ap-
pears from the recital of the findings of the superior
court set forth in the defendant's answer, as well as from
the complaint, that Patton and wife mortgaged the prem-
ises in controversy to the defendant Jacobus.

A demurrer was filed by the plaintiff to the answer of
the defendant Ferrier, and also a motion for judgment on
the pleadings, and at the hearing, the demurrer having
been withdrawn, the court granted the plaintiff's said mo-
tion, and the answering defendant excepted. After an-
nouncing his decision, the judge made and filed his find-
ings of fact and conclusions of law, and a decree was
thereupon entered, rescinding and cancelling the deed

from the respondents Patton and wife, and revesting the entire estate in the respondent.

The appellant Ferrier did not except to the findings of fact made by the superior court, or print the same in his brief, and for that reason the respondent moves to dismiss the appeal. But, inasmuch as no evidence whatever was taken or offered in the case, and the findings of fact were in effect but a repetition of the allegations of the complaint, and no claim of error is based thereon, we think that the learned counsel for appellant properly regarded such findings as immaterial and exceptions thereto unnecessary. The motion to dismiss is denied.

The learned trial judge found in the present case, as conclusions of law: (1) That the defendant Ferrier has denied none of the material allegations of the second cause of action; (2) that the second further and separate answer to said second cause of action contains nothing now material as a defense, and nothing that the court can legally consider in the determination of this cause; (3) that the covenants of the grantees, Ida Payette Patton and Jacob Patton, to support and maintain the plaintiff, were personal and died with them, and their death put an end to the obligation; (4) that the admission of the death of Ida Payette Patton and Jacob Patton eliminated the defense set up by the defendant J. W. Ferrier; and (5) that the plaintiff is now entitled to be revested with the title to the premises involved herein (describing them), and entitled to judgment accordingly, and to his costs and disbursements herein legally expended. Exceptions were properly saved to these conclusions. It will be observed that the foregoing conclusions of law are largely based upon the opinion of the court in this cause on the other appeal. It is insisted by his counsel that the answer of the appellant denied material allegations of the plain-

tiff's complaint which it was necessary for him to prove in order to maintain his action, and that the court therefore erred in rendering judgment on the pleadings. These denials, as we have seen, simply controverted the allegations of the complaint that the sum of one dollar specified in the deed as part of the consideration therefor was not, in fact, paid or intended to be paid, and that the defendants had not boarded the plaintiff or furnished the articles mentioned in the deed for the year 1893 and certain subsequent years. And in view of the former ruling of this court that the covenants of the grantees to support and maintain the respondent were personal and died with them, and that the death of the grantees put an end to the obligation, it would seem that the issues raised by these denials could not affect the right of the respondent to a rescission and cancellation of his deed which resulted in consequence of the death of his grantees. Under the circumstances, therefore, we think the court did not err in declaring the issues thus formed to be immaterial.

The main contention, however, of the appellant is that the judgment in the other action constitutes a complete bar to the respondent's recovery in this suit, and several decisions of this court and others are cited in support of the proposition that the plea of *res judicata* applies as a general rule not only to questions upon which the court was actually required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties exercising reasonable diligence might have brought forward at the time. We do not dispute the general doctrine contended for by appellant, but it must be borne in mind that this same point was made in the brief of appellant on the former hearing, and was then decided adversely to the contention of appellant upon the grounds that, as

a matter of fact, the effect of the conveyance to Jacobus, or of the death of the grantees, was not considered or determined by the court, and that the obligation to support was a continuing one. That decision became and is the law of this case, and the court below committed no error in so considering it. Some other points are made in the brief of the learned counsel for appellant, but, as they seem to us to be without substantial merit, a discussion of them is deemed unnecessary.

Under the admissions of the answer, we feel satisfied that the respondent was entitled to a cancellation of his deed, and the judgment is therefore affirmed.

FULLERTON, C. J., and MOUNT, DUNBAR and HADLEY, JJ., concur.