[No. 5587. Decided February 7, 1906.]

JEFFERSON FORD, *Appellant,* v. C. H. KIMBLE *et al.,* *Respondents.*[1]

CONTRACTS — PERSONAL SERVICE—MAINTENANCE—BREACH—RESTORING CONSIDERATION. An obligation of a son to support his parents in consideration of a conveyance of land is personal and cannot be assigned without consent of the parents, and upon failure of the son to perform the contract, the right of the parents to be restored to their property immediately vests.

SAME—RIGHTS OF HEIRS. Where premises were conveyed to a son, in consideration of which he agreed to support his parents during their lives, upon the death of the son without performance of the contract the equitable title to the property revests in the parents, and the heirs of the son acquire no interest therein.

SAME—VOLUNTARY CANCELLATION—EXECUTION OF NEW AGREEMENT. Where a son agreed to support his parents in consideration of the conveyance of premises, the parties may thereafter agree to cancel the contract and enter into another agreement whereby the son was to support his mother, and a daughter was to support her father, and each was allotted a certain portion of the premises in consideration thereof, and the heirs of the son can raise no objection thereto.

[1] Reported in 84 Pac. 414.

Appeal from a judgment of the superior court for Skagit county, Joiner J., entered January 18, 1905, in favor of the defendants, upon sustaining a demurrer to the complaint, dismissing an action to vacate a judgment. Affirmed.

*McLean & Wakefield,* for appellant.
*Hurd & Brickey,* for respondents.

MOUNT, C. J.—This action was brought by the appellant, upon arriving at the age of majority, to vacate a judgment of the superior court of Skagit county, awarding certain real estate to Clara Kimble and Henry Kimble, and certain other real property to David Ford, upon certain conditions, which judgment was rendered on February 12, 1895, in an action in which appellant was a party during his minority. A demurrer to appellant's complaint was sustained, upon the ground that the complaint did not state a cause of action. Appellant elected to stand upon the allegations of the complaint, and the action was dismissed.

The facts, as stated in the complaint, are, in substance, as follows: In the year 1881, Levi Ford and Rebecca Ford, his wife, were the owners of a farm of the value of $7,000, in Skagit county. They also owned farm produce, stock, and farming implements of about the value of $2,000. At that time Levi Ford was eighty years of age and Rebecca seventy-five years. They had two children, a son and a daughter, both married. Clara, the daughter, was married to Henry Kimble. David Ford, the son, was married to Caroline Ford. On December 1, 1881, Levi and Rebecca Ford entered into an agreement with their son David Ford, by the terms of which agreement they deeded all their real estate and gave all their personal property to David, in consideration that he should maintain, support, and care for them during the remainder of their natural lives. In describing the real estate a mistake was made in the deed, so that the description recited that the land was in section 20. It should have recited

that the land was in section 25. On the same day David
Ford and wife, in pursuance of the said agreement, entered
into a lease with their father and mother, leasing the farm
back to them for the period of their natural lives, for a nom-
inal consideration.

David Ford and wife went into possession of the farm, and
lived with their father and mother thereon until the year
1889, when Caroline, wife of David Ford, died intestate,
leaving surviving her a minor son, Jefferson Ford, the appel-
lant, and a daughter, Alice Ford, aged about six months.
Within a few months after the death of Caroline Ford, Alice
Ford, the minor daughter, died. In the year 1892, the mis-
take was discovered in the deed from Levi and Rebecca Ford
to David Ford. In July of 1892, Levi and Rebecca Ford
made a quitclaim deed of their farm to their daughter Clara
Kimble and her husband, correctly describing the land.

Thereafter David Ford and his minor son Jefferson Ford,
this appellant, represented by a guardian ad litem appointed
by the court for that purpose, brought an action against
Levi and Rebecca Ford and Clara Kimble and Henry Kimble,
to set aside the quitclaim deed on the ground of fraud, and
to reform the deed from Levi and Rebecca Ford to David,
made in the year 1881. Henry Kimble and wife answered
the complaint in that action, denying generally all the allega-
tions of the complaint. Levi Ford and wife answered deny-
ing the allegations of the complaint upon information and
belief, and by way of affirmative defense alleged that they
were aged and infirm and unable to read and write at the
time the deed was made, and that they entered into an agree-
ment with said David Ford, by the terms of which David
Ford and wife were to have possession of the real estate and
personal property and should cultivate the said real estate in
a careful manner, and should care for and maintain their
parents during their natural lives, and upon their death should
own and possess both the real estate and personal property;
that said David Ford, taking advantage of the age and in-

firmities of his parents, and without their knowledge or consent, prepared the lease and deed hereinbefore mentioned; that David Ford in violation of his agreement converted all the personal property to his own use, allowed the farm to grow up to weeds and brush, and has failed, neglected, and refused to care for and support his father and mother, and that after the death of Caroline, their daughter-in-law, they were compelled to provide their own means of subsistence. The answer alleged other misconduct on the part of David Ford, and prayed for a cancellation of the deed. A reply was filed, denying the affirmative matter set out in the answer of Levi and Rebecca Ford.

Upon a trial the court found that defendants Levi and Rebecca Ford, on December 1, 1881, in consideration that they should in the future be properly cared for and maintained for the remainder of their natural lives, executed and delivered a deed of their farm to said David Ford; that in pursuance of the agreement said David Ford leased back to his father and mother the said premises for their natural lives; that a mutual mistake was made in the description of the property; that defendants Henry and Clara Kimble knew all the facts and did not acquire the said quitclaim deed of July 20, 1892, in good faith for value. The court also found, "that the defendant Levi Ford will not longer live on said premises with the plaintiff David Ford, but desires to live elsewhere, and that defendant Rebecca Ford will not live with any other person but her son David Ford." From these findings the court concluded that the deed from Levi and Rebecca Ford should be reformed, to show the true consideration thereof and also the correct description of the property, and that the quitclaim deed to Henry and Clara Kimble should be cancelled. A decree was entered accordingly, which recited among other things as follows:

"It is further decreed that said deed be reformed so as to include and contain the agreement made by the parties thereto at said time, which agreement and said deed is hereby re-

formed to read that the party of the second part shall during the natural lives of defendants Levi M. Ford and Rebecca Ford properly feed, clothe, care for, and maintain the said Levi M. Ford and Rebecca Ford during their natural lives, and at such place as they shall choose to live, and in such circumstances as their station in life reasonably requires, and to pay for their funeral expenses at the time of their deaths; and that the said David Ford be and he is hereby required to enter into and give a sufficient bond in the sum of $500 to be approved by the court, conditioned that he will faithfully execute said trust as in said deed contained; that he will during the natural lives of said Levi M. Ford and Rebecca Ford properly maintain, care for, and support them at any place they may choose to live, and in such circumstances as is consistent with their station in life, and that upon failure to so properly maintain, care for, and support them, then said deed shall become void and said property revert to said Levi M. Ford and Rebecca Ford. The clerk of this court is hereby appointed a commissioner to execute and deliver said deed to said plaintiff, in case of refusal of said Levi and Rebecca Ford to do so on demand of said plaintiff or his attorneys."

This decree was entered on July 16, 1894. Thereafter, on the 30th day of July, 1894, Levi M. Ford filed a petition in said cause, alleging that Henry Kimble and Clara Kimble had for a period of four months furnished him with clothing and provisions of the reasonable value of $100; that the said Levi M. Ford had no money or property to pay for the same, and that said David Ford had refused to pay therefor; that David Ford had failed to file a bond as required by the decree above stated; and that delinquent taxes to the amount of $849.67 stood against the land, that the said land was then being advertised for sale to pay such taxes, and that David Ford refused to pay such taxes. The prayer was that the deed to David Ford be cancelled for failure to perform his agreement as set out in the decree above stated. Counsel for the respective parties to the original proceedings aforesaid appeared upon the hearing of the petition, and stipulated in open court for a division of the real estate between David

37—41 WASH.

Ford and Clara Kimble, David agreeing to take a part of the land and support his mother, and Clara agreeing to take another part and support her father, and a decree was entered to that effect on February 12, 1895. This is the decree which is sought to be reviewed in this proceeding.

The complaint shows that said Levi M. Ford and Rebecca Ford are now dead, and that the appellant came of age April 1, 1903. Several very interesting questions are presented in appellant's brief, but the view we take of the question relating to the interest of appellant avoids the necessity of consideration of other questions presented. The complaint shows that the property conveyed by Levi M. Ford and wife to their son David in 1881 was conveyed under the condition and in consideration of their maintenance and support during the remainder of their natural lives. The obligation of David, the son, to his aged parents was personal and could not be avoided or assigned to any other person without the consent of the parents; and upon the failure of the son to render the service or perform the contract upon which the conveyance rested, the right of the parents to be restored to their property immediately vested. *Payette v. Ferrier,* 20 Wash. 479, 55 Pac. 629, and cases cited. See, also, *Payette v. Ferrier,* 31 Wash. 43, 71 Pac. 546.

The equitable title to the property, therefore, remained in the parents, while the legal title stood in the name of the son who was a trustee for their benefit. Upon the death of the son's wife, the contract for support of the parents was not changed. The son was still bound to perform the conditions of the contract according to the terms thereof. If he neglected to do so, the legal title was subject to be defeated and to be re-vested in the parents. This might be accomplished by an action for that purpose or by a voluntary conveyance by the son. In other words, until the conditions of the contract had been performed and the fee of the real estate had passed to the son during his marriage, no inheritable interest vested in

his wife, and therefore upon her death the minor son acquired no interest either in the contract or in the land.

The minor son having no interest, it follows that he was not a necessary party to the action to reform the deed, and that his father, David Ford, could make such disposition of the contract as was agreeable to the parties to it. The fact that Jefferson Ford, the appellant, was made a party to the action to reform the deed did not change the status of the deed when reformed, nor the relations of any of the parties to it. The deed, when it was reformed by an order of the court, stood as the contract which was made in 1881 between Levi and Rebecca Ford and their son David. The obligations of all these parties were the same then as before the reformation of the deed. David might relinquish his rights thereunder by failure to perform his duty or by voluntary surrender. The complaint shows that shortly after the decree reforming the deed, David and his aged parents did agree to cancel the contract and voluntarily entered into a new contract, by the terms of which David was to support his mother and Mrs. Kimble was to support her father, and each was allotted a certain described portion of the farm in consideration thereof. This they had a perfect right to do without consulting the minor son of David.

For the reason that the appellant had no independent interest in the litigation or in the contract out of which the litigation grew, he cannot now be heard to complain of any errors therein. The demurrer was properly sustained. The judgment is therefore affirmed.

Dunbar, Hadley, Fullerton, Rudkin, and Crow, JJ., concur.