[No. 16656.   Department One.   January 9, 1922.]

MARY E. BRALLIER, *Appellant*, v. CLAUDE BRALLIER
et al., *Respondents*.[1]

TRUSTS (6, 47)—TRANSFER OF LEGAL TITLE—CONVEYANCE TO THIRD
PERSON—ENFORCEMENT OF TRUST—EVIDENCE. Where land is conveyed
by a mother to a son in consideration of past services and an
agreement to assist in her future support, there is no such trust
impressed on the land as will enable the mother to follow the pro-
ceeds of its sale to other land purchased by him and transferred
to a third party, when there is no proof from which the court can
determine how far the consideration for the deed from the mother
had failed, nor any proof of facts brought to the third party's at-
tention sufficient to constitute notice that the son was not vested
with complete title.

Appeal from a judgment of the superior court for
Yakima county, Holden, J., entered January 3, 1921,
in favor of the defendant, in an action to impress a
trust on real property, tried to the court.   Affirmed.

*Stephen E. Chaffee* and *R. John Lichty*, for ap-
pellant.

*J. C. Hauschild* and *O. L. Boose*, for respondent.

TOLMAN, J.—Appellant, who was plaintiff below, is
the mother of the defendant Claude Brallier, and the
respondent Evelyn Brallier was the wife of Claude
Brallier at the time the action was instituted, but has
since been divorced.

Appellant is a widow and the mother of ten chil-
dren, all living, and prior to the year 1916, she owned
and resided with her younger children upon a tract
of 16.7 acres of land in Yakima county, Washington.
Her youngest son, Claude, had remained at home
farming his mother's land, part of the time in connec-
tion with other land which he rented, and in 1915

[1]Reported in 203 Pac. 381.

Claude married the respondent. Thereafter he and his wife occupied and farmed the home place, and the mother with her younger daughters, who remained with her, removed to Sunnyside. In the fall of 1915 or early in 1916, Claude asked his mother to deed him the home place in payment for his services theretofore rendered, and she demurred, saying, in effect, that she did not think he had fully earned it. The matter was talked about frequently thereafter, the mother, son and daughters all participating in the several conversations.

On July 10, 1916, the mother deeded to Claude 14.7 acres of the tract, and at the same time, as a part of the same transaction, deeded to two of her daughters the remaining two acres upon which the dwelling house was situated. The testimony, with but little conflict, seems to establish that the consideration for the conveyance to Claude was partly past services covering some four or five years after he became of age, during which time he remained at home and operated the farm, and partly future support, all substantially agreeing that both Claude and the daughters who received the two acres were to contribute towards the support of the mother and the younger children, and that Claude agreed to supply his mother with what she needed from the products of the farm, and money if necessary, or when necessary. Claude seems to have paid his mother's house rent while she lived in Sunnyside, and to have furnished more or less of what she needed or could use from the farm during the years 1916 and 1917, but all agree that he did nothing for his mother's support at any time thereafter. Claude farmed the land in 1916 and received the proceeds, he rented it in 1917 and 1918 and received the rents. Soon after the deed was delivered to him, Claude mortgaged the land for $1,000, and with the

borrowed money made the initial payment upon a thirty-acre tract several miles distant which he then purchased, and used the remainder of the borrowed money in improving, buying seed for, and paying interest and taxes upon, the land thus purchased, where he afterwards made his home, and perhaps, in part, for living expenses prior to the time when the new farm became productive.

In May, 1919, Claude sold the land which he had received from his mother for $3,000, the purchaser assuming the mortgage for $1,000 and paying the balance, $2,000, in cash. Five hundred dollars of this money Claude used in paying obligations incurred in connection with the land which he had purchased, and $1,500 was placed as a time deposit, on interest, in a local bank. Early in the year 1920, trouble having arisen between Claude and his wife, a property settlement was made between them, by which Claude conveyed to respondent the thirty acre tract of land, which is alleged to be worth $7,500, subject to taxes and an incumbrance of $900 still owing on the purchase price, and all of the personal property kept and used therewith, which personal property respondent afterwards sold for some $1,400. Claude then departed, taking with him some $1,400 or $1,500, mostly what was left from the sale of the 14.7 acre tract, which had been on deposit with the local bank. Appellant thereupon brought this action, claiming a recovery for the value of the land conveyed to Claude, $3,000, its rental value for three years during which he held title, $837.90, and the value of certain personal property which she alleges was left on the place and Claude appropriated to his own use, $325, or a total of $4,162.90, which she seeks to have impressed as a lien upon the thirty-acre tract conveyed in the property settlement by Claude to respondent, upon the theory that the proceeds of the land which she

conveyed to her son went into and enabled him to purchase and improve this tract. Claude answered, admitting all of the allegations of his mother's complaint. Respondent answered, denying all of the material allegations of the complaint, pleading several affirmative defenses, and tendering into court the sum of $1,260, which amount she alleges to be the full benefit received by her, directly or indirectly, from the conveyance made by appellant to Claude. From a judgment awarding her the amount tendered and no more, and denying costs to either party, appellant here seeks a review on appeal.

Appellant urges that the equitable title to the real estate which she conveyed remained at all times in her, while the legal title was in her son, who was a trustee for her benefit, citing and relying upon *Payette v. Ferrier,* 20 Wash. 479, 55 Pac. 629, and *Ford v. Kimble,* 41 Wash. 573, 84 Pac. 414, and therefore urges that she is entitled to invoke the well settled rule that a mere change of the trust property from one form to another will not defeat her rights, but having traced the proceeds of the property which she conveyed into the purchase and improvement of the thirty-acre tract, the trust should be impressed thereon, at least to the extent of what would otherwise be her loss, since respondent took title with notice of her rights. But we cannot find facts in the record which bring this case within the rule. As to the personal property which appellant claims she left upon the place, there is no attempt to show that she ever asserted any title thereto prior to the beginning of this action, or that there was any fact or circumstance ever brought to respondent's attention which would put her on notice that Claude was not vested with complete title thereto, nor is it con-

tended that there was not ample consideration for its transfer, by the property settlement, to the respondent.

As to the real property, whatever effect should be given to the admitted fact that Claude did not agree to support his mother, but only to help support her, and the question as to the extent or amount of such help, it clearly appears from the evidence, and, in fact, is not denied, that the consideration in part for the transfer was past services rendered by Claude from the time he became of age to the time of his marriage, or the time of the making of the deed. In the absence of any allegation or proof as to the value of such services, or of the value or extent of the contributions to be made towards such support, which also in part formed the consideration for the deed, we cannot determine how far the consideration for the deed failed, or the amount, if any, of the loss suffered by the appellant by the failure of her son to carry out his agreement.

Since respondent has made a tender of $1,260, we must assume, in the absence of proof to the contrary, as did the trial court, that the amount tendered is sufficient to cover the value of the support contracted to be given and wrongfully withheld.

Appellant also contends that the trial court erred in not rendering a money judgment against the defendant Claude Brallier. As we have seen, there was no proof before the trial court from which the amount of such a judgment, on any proper theory, could be determined, and moreover, the record fails to show any request by the appellant for the rendition of such a judgment.

Reprehensible as his acts have been (and he admits them to have been as charged), we see no way by which we can now direct a judgment which would place upon him the burden which he deliberately assumed and for

which he has already been compensated. The judgment appealed from is affirmed.

Parker, C. J., Fullerton, Mitchell, and Bridges, JJ., concur.