Richter v. Richter et al.

No. 13,411.

RICHTER v. RICHTER ET AL.

DEED.—*Consideration.*—*Condition Subsequent.*—*Care and Support.*—*Quieting Title.*—*Construing Together Contemporaneous Instruments.*—A father executed to his son a warranty deed, in which the consideration was stated to be one thousand dollars. Contemporaneously, and as a part of the same transaction, the son executed to the grantor an instrument called a mortgage to secure the performance of agreements and stipulations therein set out for the support and maintenance of the latter during his natural life, which in fact constituted the sole consideration for the deed. It was provided that the son should occupy the land during the grantor's life. He went into possession and so continued for three months, giving his father proper support and treatment. The grantor then, being old and childish, ordered the grantee to leave the farm, which he did, without offering further performance of the contract. The grantor remained in possession, others giving him support, and shortly afterwards demanded a reconveyance on the ground that the grantee had failed to comply with the contract, but never made a demand for maintenance. Suit by him to quiet his title.

*Held*, construing both instruments together, that the deed was upon a condition subsequent, which, being broken, entitled the grantor to the relief asked.

*Held*, also, that the abandonment of the land by the grantee was, under the circumstances, such a renunciation of the contract as authorized the grantor to enter and treat the arrangement as at an end.

*Held*, also, that the grantor's continuance in possession after condition broken was equivalent to a re-entry for the breach.

From the Vigo Superior Court.

S. C. Stimson and R. B. Stimson, for appellant.

S. C. Davis and S. B. Davis, for appellees.

MITCHELL, J.—This was a suit by Henry G. Richter against George W. Richter and wife, to quiet title to a tract of land theretofore alleged to have been conveyed by Henry G. to George W. Richter, upon a condition subsequent.

The court found the facts specially, which, so far as they are material to be stated, are as follows: On the 30th day of July, 1883, Henry G. Richter, being the owner of fifty acres of land in Vigo county, executed a warranty deed

therefor, in the statutory form, to George W. Richter. The consideration mentioned in the deed was one thousand dollars. The only consideration in fact, as the court finds, was that the grantee agreed to support, maintain and care for the grantor, who was the father of the grantee, during his natural life. Contemporaneously with the execution of the deed, and as a part of the same transaction, the grantee, George W., executed to his father what purports to be a mortgage, which was intended to cover the same land. The purpose of the mortgage as recited therein was, " to secure the payment, when the same becomes due, of taking care of the said Henry G. Richter during the balance of his natural life, including boarding, lodging and washing; and it is expressly agreed, that the said George W. Richter shall maintain the said Henry G. Richter in a decent and respectable manner, with good wearing apparel, and pay some debts that the said Henry G. Richter now owes, and at the death of said Henry G. Richter, the said George W. Richter is to bury him in a respectable manner, at his expense; and the said George W. Richter is to move on the place and stay on the place as long as the said Henry G. Richter shall live, and in case of sickness, the said George is to furnish the said Henry with medical attendance."

It is found that, concurrently with the execution of the deed and mortgage, George W. took possession of the land, together with the personal property theretofore owned by his father. The personal property was sold and the proceeds applied to the payment of the father's debts. The son remained in possession from July 30th to October, 1883, meanwhile giving his father proper support and treatment. The father then ordered the son off the place, whereupon the latter left, moving into his own house on a farm near by.

In January, 1884, Henry G. Richter made a written demand on George W. for a reconveyance of the land, stating as a cause therefor, that the latter had failed to comply with his contract of purchase in relation to the father's support.

Suit was brought the day following the demand. Henry G. Richter, the grantor, remained in possession of the land after the removal of George W., being cared for meanwhile partly by his son-in-law, and partly by other people. No demand was ever made by Henry G. upon George W. for support or medical attendance.

Henry G. Richter was eighty-two years old, feeble in body and mind, very childish, troublesome, and hard to get along with, all of which was known to his son, George W., at the time he entered into the agreement with his father.

Upon the foregoing facts the questions for consideration are, whether or not the deed was upon a condition subsequent, and if it was, whether the condition has been broken so as to entitle the grantor to defeat the estate.

It will be observed that the special findings make it appear that the sole consideration for the deed was the agreement set forth in the mortgage. The deed and the instrument alleged to be a mortgage manifest the entire transaction between the parties. These instruments, relating to the same subject-matter, having been executed concurrently as parts of the same transaction, are to be construed together.

Giving full effect to the rule that conditions subsequent, as they " go in destruction and defeasance of estates, are odious in law, and shall be taken strictly," we are, nevertheless, constrained to the conclusion that the deed and mortgage, taken together, create an estate in the grantee upon the condition subsequent, that the latter shall perform the terms stipulated in the mortgage. True, neither the deed nor the mortgage states in express terms that the estate is granted upon condition, but the word " condition " is not necessary to the creation of an estate upon condition, if it plainly appears from the words used that the intent of the parties was to create an estate of that description. *Stilwell* v. *Knapper*, 69 Ind. 558 (35 Am. R. 240). In the construction of deeds, as in construing other writings, courts seek to ascertain and give effect to the real intention of the parties, as such intention

may be gathered from the language of the whole instrument. The intention is what the law applies itself to in deeds. *Watters* v. *Bredin*, 70 Pa. St. 235.

If from the nature of the acts to be performed by the grantee, and the time required for their performance, it is evidently the intention of the parties that the estate shall be held and enjoyed on condition that the grantee perform the acts specified, then the estate is upon condition. This is especially so when the grantor has reserved no other effectual remedy for the enforcement of performance on the part of the grantee. In such a case a condition subsequent arises by clear implication. 2 Washb. Real Prop. 7.

The mortgage, so called, evidently drawn after a printed form, recites that it was given " to secure the payment, when the same becomes due, of taking care of Henry G. Richter," etc. Then follow the stipulations or agreements to be performed by the grantee in the deed. The words "to secure the payment, when the same becomes due," are manifestly meaningless. Rejecting these words as surplusage, and considering that the conveyance was made without any other consideration than the agreement which follows, " the terms stated must be regarded as expressive of conditions subsequent, a breach of which might forfeit the estate." *Wilson* v. *Wilson*, 86 Ind. 472; *Lindsey* v. *Lindsey*, 45 Ind. 552; *Risley* v. *McNiece*, 71 Ind. 434.

The deed and mortgage constituted a conveyance upon a condition subsequent and also a lien upon the land. *Copeland* v. *Copeland*, 89 Ind. 29.

The case is parallel in principle with *Leach* v. *Leach*, 4 Ind. 628. In that case a father conveyed a farm to his son for the nominal consideration of one dollar. Contemporaneously with the conveyance the son executed a bond to the father in which, after reciting the conveyance, he bound himself, in consideration thereof, to cultivate the land and deliver a certain share of the crops to the grantor during his lifetime. It was held that the son took the land upon a condition subse-

quent that he would in all things substantially comply with his covenant.

Manifestly, if the so-called mortgage can only be treated as creating a personal covenant to perform the stipulations therein contained, it is practically inoperative as a security in many respects. Suppose the mortgagee should institute a proceeding to foreclose his mortgage for a failure to perform the covenants, how much would there be due? or what would be the measure of his recovery?

The very fact that the grantor has reserved no other effectual remedy for a breach of the terms upon which the conveyance was made, persuades us to the conclusion that the agreements written in the mortgage must be construed as though they were incorporated in the deed as expressive of the conditions upon which it was made.

Regarding the stipulations in the mortgage as the terms upon which the conveyance was made, the deed becomes a grant, reserving to the grantor the support and maintenance specified; or in default of the grantee, it authorizes the grantor to re-enter for condition broken.

Having arrived at the conclusion that the transaction created an estate upon condition, it is also clear upon the facts found that the condition was broken.

The purpose of creating the estate was to afford support and maintenance for a feeble, childish old man, eighty-two years of age. One of the conditions was that the son should occupy the farm during the lifetime of his father, and support and maintain him, in the infirmities and decrepitude of old age. After occupying the farm less than three months, and converting the personal property and applying the proceeds to paying the father's debts, he left the farm at the mere bidding of a childish old man, leaving him to the care of others. Knowing the age and condition of his father at the time he took the conveyance, it was the duty of the son to remain and execute his agreement, unless it became impossible to do so. The facts found leave the impression that

the son availed himself of the earliest opportunity to find an excuse for leaving. Having abandoned his father without more of an effort to execute the agreement than appears to have been made, he may not now say that the grantor has rendered it impossible for him to perform the conditions by " ordering him to leave."

The grantor having continued in possession after condition broken by the grantee, this was equivalent to a re-entry for breach of the condition. Having remained in possession, and made formal and unequivocal demand for a reconvey-ance, on the ground that the grantee had failed to perform the conditions upon which the deed was executed, nothing further was necessary in order to entitle him to maintain an action to quiet his title. *Clark* v. *Holton*, 57 Ind. 564; *Frost* v. *Butler*, 7 Maine, 225; *Hubbard* v. *Hubbard*, 97 Mass. 188; *Watters* v. *Bredin*, *supra*.

The grantee having abandoned the land without sufficient excuse, and without offering to perform a continuous and fixed duty which rested upon him, no demand for performance was necessary in order to entitle the grantor to re-enter. Abandoning the land, under the circumstances, must be regarded as equivalent to such a renunciation of the contract as authorized the grantor to enter and treat the arrangement as at an end. *Ellis* v. *Elkhart Car Works Co.*, 97 Ind. 247.

Upon the facts specially found by the court, the conclusions of law should have been that the estate of George W. Richter was upon a condition subsequent, which had been broken, and that the title of Henry G. Richter be quieted.

Judgment reversed, with costs, with directions to the court below to restate its conclusions of law and give judgment therein in accordance with this opinion.

Filed June 29, 1887; petition for a rehearing overruled Sept. 29, 1887.