CASE 81—PETITION EQUITY—FEBRUARY 8.

# Reeder v. Reeder.

### APPEAL FROM KNOX CIRCUIT COURT.

CONVEYANCE IN CONSIDERATION OF "CARE AND ATTENTION"—RE-SCISSION.—Where one has sold and conveyed land to another in consideration of a certain sum to be discharged by the vendee performing certain services for the vendor, and giving him "care and attention" in case of sickness, and the vendee refuses to perform the services or pay the money, the chancellor, at the election of the vendor, will rescind the contract and place the parties in *statu quo.* While the damages for the breach of contract might be ascertained by a jury by estimating the probable duration of the vendor's life, yet such damage is always speculative or conjectural, and the vendor should be forced to resort to such a measure of compensation only in the absence of a more certain measure.

WILSON & RAWLINGS FOR APPELLANT.

1. The writing sought to be canceled is only an executory devise, which the appellant has the right to cancel at any time.
2. Even if the writing is to be regarded as an executed conveyance, the grantor may have it canceled, upon the ground that the grantee has failed to comply with his part of the contract.

J. H. TINSLEY FOR APPELLEE.

No brief in record.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The written agreement between the appellant and appellee is to the effect that the appellant conveyed to the appellee the appellant's tract of land, and, as is alleged and not denied, put the appellee in the possession of it. The conveyance, as is alleged, was made in consideration of fifty dollars cash, and four hundred and fifty dollars, to be discharged by the appellee doing, or causing to be done, the appellant's and his wife's, the latter being now dead. cooking

and washing during the life of each. Also, the ap-
pellee was to furnish the appellant and his wife "a
part of a reasonable support;" also, he was to give
them, in case of sickness, care and attention, &c. It
was evidently contemplated by the parties that this
support, attention, &c., should continue during the
life of each, and that the price of the land would be
ample pay for such services. It is alleged that the
appellee failed to render any of the services or to
pay any part of said sum of money; on the con-
trary, it is alleged the appellee refused to render
any part of said services or to pay any part of said
money, and drove the appellant away from his house.
The services that the appellee was to render were to
continue during the respective lives of the appellant
and his wife—that is, the undertaking was entire, and
upon the failure of appellee to comply with the con-
tract, the appellant could have recovered damages for
the non-performance during his entire life. The dam-
ages accruing to the time of the trial, by reason of
the fact that the appellant's health, condition and
necessities could be accurately surveyed, could be
easily ascertained by a jury; also, the damages there-
after, taking into account the appellant's age, health
and condition, and consequent duration of life, are
not too conjectural to be passed on by a jury. We
have an instance of the kind in the ascertainment of
the money value of a life estate by means of the life-
table, &c. But such damage is always speculative or
conjectural. Life may be shorter or longer than an-
ticipated. The party's physical health may become
more feeble or more robust than anticipated, or his

mind may become impaired, &c., &c. These changes of conditions may render the damages assessed very excessive or grossly inadequate. For these reasons the party aggrieved should be forced to resort to such measure of compensation only in the absence of a more certain measure. If a more certain measure is at hand, the party aggrieved should, at his election, be permitted to resort to it. Here, as the appellee has refused to comply with his part of the contract, and as he can return the consideration, and thus the appellant and he will be placed in *statu quo*, the chancellor, at the election of the appellant, should not hesitate to do it.

The judgment is reversed, with directions for further proceedings consistent with this opinion.