### No. 16,867.

## CREE, ADMINISTRATOR, ET AL. *v.* SHERFY.

CONVEYANCE.—*From Father to Son on Consideration of Maintenance, etc., for Remainder of Life.—Death of Son.—Action to Set Aside Conveyance.—Demand.—Tender.*—Where a father conveyed land and farming implements to his son in consideration of $500 and a promise by the son to give him a home with him, and care for him in sickness, and do his washing and mending, for the remainder of the father's life, and the son did care for his father, and furnished him a home, as per agreement, for more than six years, when the

son died, having never paid the $500 which was evidenced by a note, the widow and infant children of the son having abandoned the father, home, and land shortly after the son's death, over the father's advice and objection, and never returned to look after or care for him, it was not necessary, before instituting an action to set aside the conveyance and cancel the note, that the father should demand a performance of the contract or that the land be restored upon a tender of the note, as neither the administrator, the widow, nor infant children, could have restored the land, and revested the father with complete title if the note had been surrendered to them.

SAME.—*Condition Subsequent, Breach of.—Reversion.—Action to Set Aside Conveyance.—Quieting Title.—Cancellation of Note.*—In such case, the court held that the deed was made upon a condition subsequent, viz: Home, maintenance, support, etc., for the remainder of his life, and that upon the breach of such condition in the manner above stated, the title reverted to the grantor, and that the father's title in the same should be quieted, and the $500 note, above mentioned, canceled.

From the Monroe Circuit Court.

*J. H. Louden, T. J. Louden,* and *E. Corr,* for appellants.

*E. K. Millen* and *H. C. Duncan,* for appellee.

DAILEY, J.—This is an action by the appellee against the appellants, to set aside a conveyance executed by the appellee to the decedent, Joseph D. Sherfy, and to quiet the title of the appellee. The appellants, Elmer Sherfy and Ida Sherfy, are minors, who appear by guardian *ad litem.* After the issues were made, there was a trial in the court below before the court, and at the request of the appellants the court made a special finding of the facts, and stated its conclusion of law thereon, on which judgment was rendered for the appellee. The appellants appeal to this court, and assign errors severally and jointly to the proceedings in the lower court. To the amended complaint filed in the cause the appellants demurred separately and severally for the reason that it did not state facts sufficient to constitute a cause of action. The court overruled the demurrer, to which the

defendants excepted, and to this ruling each of the appellants separately and severally assign error, which brings into review the facts alleged in the complaint, viz: That on the 24th day of November, 1886, the plaintiff was the owner of certain real estate therein described, containing 53 acres, of the value of $5,000; that his son Joseph resided with him up to the time of his marriage with the defendant, Mary E. Sherfy, in 1885, after which, said Joseph and his wife continued to live with the plaintiff; that on said 24th day of November, 1886, the plaintiff entered into a contract with his said son, by the terms of which he was to convey to the son said real estate and his farming implements, for the following consideration, to wit: The sum of $500, and the further consideration that the grantee should board the grantor, do his washing and mending, and wait on him in sickness, and otherwise care for him during the remainder of his life, which contract was executed in writing, and a copy thereof is filed with the complaint. Plaintiff further alleges that pursuant to said agreement, he conveyed said property to his son, Joseph D. Sherfy, but the consideration for such transfer has wholly failed in this, to wit: That although the said Joseph received, to his sole use and benefit, the said farming implements, etc., and the use, occupancy, and profits of said real estate for five years, etc., the plaintiff has at no time been paid the said sum of $500, or any part thereof; that on the 15th day of April, 1892, the said Joseph D. Sherfy died intestate, leaving surviving him his widow, the said Mary E. Sherfy, and his minor children, the defendants, Elmer and Ida Sherfy; that on the 21st day of April, 1892, the defendant, Robert A. Cree, was duly appointed administrator of the personal estate of said decedent, and is now acting as such; that by reason of the death of said Joseph D. Sherfy, and the abandon-

ment of the said contract and agreement, by any and all persons in any way claiming under him, the plaintiff was left alone, and re-entered and remained in possession of said premises to care for the same, and as best he could provide himself with the necessaries of life. Wherefore he asks that the title to said real property be revested in him, and quieted against the defendants, and for other proper relief. The sufficiency of the complaint, and the conclusion of law upon the facts found under any testimony that might have been properly heard on the trial of the cause, are the questions presented by the record. It is contended on behalf of the appellants that the complaint states no cause of action against the widow and children of Joseph D. Sherfy, because it does not allege a return or offer to return what was received by the appellee; that the complaint to be good on demurrer must show that Samuel Sherfy had tendered, previous to the commencement of this action, the note he held against the decedent for $500, and a sum of money equal to the value of his support for the six years he lived with the son. They also insist that the complaint is bad on demurrer, because it fails to allege a demand made by the plaintiff for the performance of the contract before it was filed, and that there is no allegation in the complaint showing conditions in the deed; that the agreement by decedent to pay $500, and "to board the father as a member of the family, * * * to do his washing and mending, and wait on and' nurse him in time of sickness, and care for him tenderly as a son should care for his father during all the time of his natural life," was a contract and agreement outside of the deed, entered into by the plaintiff and the son after the deed was executed, and that the complaint contains no averment showing that the deed was made on a condi-

tion subsequent, and hence it is insufficient to warrant the relief sought and obtained.

It is a general rule that a contract will not be rescinded when the parties can not be placed *in statu quo.* In order to secure a party his rights, as well as to enable him to institute legal proceedings, in causes of action arising *ex contractu,* it is ordinarily necessary that a demand be made upon the party who is bound to discharge the obligation or perform the contract. The legitimate object of a demand is to enable the party to perform his contract or discharge his liability, agreeable to the nature of it, without a suit at law. In actions on contract, the failure to make a necessary demand before suit, is cured by proof that the defendant could not have complied with the demand. *Wilstach* v. *Hawkins,* 14 Ind. 541.

In 5 Am. and Eng. Encyc. of Law, 528d, it is said: "Where a matter alleged lies equally in the knowlege of the plaintiff and defendant, an averment of notice is not necessary, as if it be an act to be done by a stranger. Neither demand nor notice nor other diligence is necessary when the party to be charged had no right to expect it, and could not have been injured by the omission of it."

The doctrine is well settled that the law never requires the doing of a useless thing. Demand is not necessary when the person owing the debt or duty has means of knowing when it will become due as well as the opposite party.

The rule that he who seeks to rescind a contract of sale must first offer to return the property received, and place the other party in the position he formerly occupied, as far as practicable, prevails equally at the civil and common law, but it presupposes the idea that there are persons to whom the offer or transfer may be successfully made, and where, as in this case, there is no one

Cree, Administrator, *et al. v.* Sherfy.

to whom the proffer of the note is due, or who is entitled to receive the same, the act would be of no avail, and it need not be averred.

In the case at bar, neither the administrator, the widow, nor the infant defendants could have restored the land in controversy to the appellee and revested him with complete title, if the note had been surrendered to them. In our opinion, it was not necessary to aver the tender of the note under the circumstances here presented, and we think the complaint is sufficient.

It is said, in 28 Central Law Journal, p. 321, that "Conveyances of property by aged and infirm people to their children, in consideration of promised support and maintenance, are somewhat peculiar in their character and incidents, and must sometimes be dealt with by the courts on principles not applicable to ordinary conveyances. A person incapacitated by the infirmities of age for active pursuits naturally feels a strong desire to place the fruits of his industry and enterprise where they will secure him, during the remnant of his life, a suitable and proper maintenance, without further care or labor on his part. One thus situated also naturally prefers to convey his property to his child for that purpose, and that his child, and not a stranger, should assume the obligation to maintain him. Paternal affection thus prompts him, and he relies upon the filial affection of his child for the faithful and cheerful performance of the obligation. And thus it is when an aged and infirm father conveys his property to his son, in consideration that the son shall care for and maintain him during the remainder of his life, elements enter into the transaction peculiar to such cases. Such a transaction * * is prompted often by necessity, always by affection for, and trust in, the son to whom he has transferred his means of support. Besides, the age and infirmity of the father

may unfit him in a degree properly to protect his own interests, and may render him subject to imposition. Hence it is that we seldom find in such transactions evidence of that deliberation and careful regard to self-interest on the part of the father, which usually characterize ordinary business transactions of the same magnitude. Because of these and other considerations peculiar to a case like this, it is the duty of the son, and he should regard it as his highest privilege, fully to perform his agreement. This is not only a moral and religious duty, but it is a duty of which a court of equity will take cognizance, and grant a proper relief for its nonperformance.''

In the same journal, on page 324, it is said: ''A contract to support is a contract for personal services; it can not be performed by another, unless the person receiving the support consents to receive it; and if the person who is to furnish the support die, then his heirs, executors or administrators must keep it.''

As appears from the complaint and the finding of the court, the chief consideration for the conveyance was the home comfort of the grantor and his support in declining years. While the decedent lived, the contract was faithfully kept; after his death, the widow and children and aged father remained together for two weeks, when the widow and children, over his advice and objection, abandoned the home and removed to her mother's residence, four miles away, and never returned to look after or care for the appellee, leaving him as the sole occupant of the premises. The appellants having refused to remain and execute the agreement, they are in no better situation than the grantee would occupy if he were alive and had deserted the father. It would not be pretended that if the son had forsaken the father, under like circumstances, he would have any standing in a court of equity. It is the province of a court of conscience when

asked for relief, a right of action having arisen to one of the parties, to place the survivors as nearly in the position relatively they would have occupied, but for the death, as it was possible to do. Act of God inures as excuse and relief to both parties to a contract. If it legally releases the one from executing a work he has undertaken, it equally protects the other from paying for more than has been done. *Doster* v. *Brown*, 71 Am. Dec. 153.

The case we are now considering presents many features of resemblance to that of *Richter* v. *Richter*, 111 Ind. 456 (461), in which this court say: "The grantee having abandoned the land without sufficient excuse, and without offering to perform a continuous and fixed duty which rested upon him, no demand for performance was necessary in order to entitle the grantor to re-enter. Abandoning the land, under the circumstances, must be regarded as equivalent to such a renunciation of the contract as authorized the grantor to enter and treat the arrangement as at an end."

In the carefully considered case of *Lindsay* v. *Glass*, 119 Ind. 301 (304), it is said: "One who accepts the property of a sister, or a parent, and agrees in consideration thereof to furnish a home, with suitable maintenance and support, does not perform his contract fairly and according to its spirit by simply furnishing shelter and subsistence. A home is something in addition to a roof over one's head, with food and drink supplied by strangers." It is suggested by the learned counsel for the appellants that the deed in controversy is an absolute conveyance in fee, and no condition of any kind was annexed thereto; that a condition subsequent which will defeat an estate created by a deed, must be fairly expressed in the deed itself. This is too narrow a view of the question. The case is parallel in principle with *Leach* v. *Leach*, 4

Ind. 628, in which a father conveyed a farm to his son for the nominal consideration of one dollar. Contemporaneously with the conveyance, the son executed a bond to the father in which, after reciting the conveyance, he bound himself, in consideration thereof, to cultivate the land and deliver a certain share of the crops to the grantor during his lifetime. It was held that the son took the land on a condition subsequent. A difference of one day appears between the date of the deed of conveyance and the agreement for support, but this may have been the mere inadvertence of the parties and the scrivener, and their mutual mistake. The trial court found that they were contemporaneous, and the evidence not being in the record, we must conclude in favor of the correctness of its finding.

It is shown by the special finding that the decedent and the appellee were together three hundred and thirty-two weeks under this arrangement, and the latter's board, in excess of services, was worth $415; that the decedent improved the land to the amount of $150, and constructed buildings and made repairs worth $220. Total, $785, for which, if no remuneration were received, a recovery might be had in this or another action on the *quantum meruit* in favor of the administrator or heirs; but there was received by the grantee rent of land 6¼ years at $130 per year, $812.50; timber, $200. Total, $1,012.50, and in addition, as per agreement, all farming implements on the farm, the value of which does not appear. It would seem from these facts that the son was abundantly compensated for his services to the father, who is now eighty-two years of age, and the court so found. The court reached the conclusion that the deed was made upon a condition subsequent, which has been broken in the manner hereinbefore stated, and that the title of the appellee in the land should be quieted and

the $500 note canceled.   The conclusion is so manifestly just that it ought not to be disturbed.

The judgment of the court below is therefore affirmed.

Filed June 5, 1894.