JANCOVECH v. CHRISTENSEN, GUARDIAN.

[No. 14,858. Filed April 22, 1935.]

*William J. Reed,* for appellant.

*Oscar B. Smith, L. Darrow, Earl Rowley,* and *C. V. Shields,* for appellee.

This was a suit by the guardian of appellant's grantor to quiet title to a tract of land theretofore alleged to have been conveyed to appellant upon a condition subsequent.

The court found the facts specially, which, so far as they are material to be stated, are as follows: That the appellee was the duly appointed guardian of one Toft, having been appointed February 1, 1932; that Toft was the owner of the realty in question; that a warranty deed was executed by Toft to appellant; that Toft was seventy-four years of age and lived alone; that he induced appellant to enter his employ without any agreement as to compensation; that Toft caused the deed to be executed without solicitation or suggestion on the part of appellant; that the deed contained the following paragraph: "That grantor reserves a

life estate in the above described real estate. That is to say, he retains all the rents and profit therefrom and the grantee further is to take care of said grantor during his lifetime;" that said deed was duly recorded; that said realty was all the property owned by Toft except $500.00 cash; that grantee agreed to abide by and carry out the terms of the deed before it was prepared and recorded; that appellant went to work for Toft April 27, 1931; that the deed was executed May 4, 1931; that appellant stayed at Toft's home and did the work there until July 5, 1931; that there was an argument when she left; that she returned a week later staying until January 18, 1932, when Toft threatened appellant with a butcher knife and inquired as to his revolver, at which time appellant left and never returned; that appellant paid the taxes of $19.82 January 15, 1932; that appellant knew of Toft's mental and physical condition; that the recorded deed is a cloud upon the title to said real estate and that appellant's claim is without right and that the title should be quieted.

Upon the foregoing facts the court rendered conclusions of law to the effect that appellee should recover and that his title "should be and is quieted against the" appellee with costs following the action. This appeal is presented upon the assignment that the court erred in each conclusion.

After stating the facts, KIME, J., rendered the following opinion.

The appellant contends solely that since there was no allegation or finding of a demand to reconvey nor a prayer for cancellation the title could not be quieted as the breach of condition was waived by the failure to make a demand.

The questions for consideration here are whether or not the deed was upon a condition subsequent, and if it

was, whether the condition has been broken so as to entitle the grantor's legal representative to defeat the estate. This was the same problem before the trial court.

A demand was not necessary since the appellant who owed the duty had no right to expect it and could not have been injured by the omission. *Cree, Administrator, et al.* v. *Sherfy* (1894), 138 Ind. 354, 358, 37 N. E. 787.

The deed does not in express terms state that it is upon condition but the word condition is not necessary to the creation if it plainly appears from the words used that the intent was to create such an estate. *Richter* v. *Richter et al.* (1887), 111 Ind. 456, 12 N. E. 698, and cases there cited. This court has said "that a grant of lands in consideration of an agreement for the future support of the grantors, in the absence of a stipulation to the contrary creates an estate on condition subsequent" citing the cases above and others. *Huffman* v. *Rickets* (1916), 60 Ind. App. 526, 532, 111 N. E. 322. And it is to that case that we turn for all the support that is necessary for an affirmance of the trial court's action. Caldwell, J., speaking for the court, ably said: "Contracts by which aged and infirm persons convey all or a substantial part of their property to others in consideration of an agreement for support, maintenance and care during their declining years, are with practical uniformity recognized by the courts as constituting a class by themselves in matters pertaining to their interpretation and enforcement. 'There is in such transactions an element of confidence reposed by the old people in their grantee, sacred in its nature, a breach of which, and retention of the benefits, no court should tolerate by a refinement upon technical rules and principles of law. By the modern trend of authority these transactions are placed in a class by

themselves, and enforced without reference to the form or phraseology of the writing by which they are expressed, or whether by the strict letter of the law a forfeiture of the estate is expressly provided for.' *Bruer* v. *Bruer* (1909), 109 Minn. 260, 123 N. W. 813, 28 L. R. A. (N. S.) 608. See, also, *Brady* v. *Gregory* (1912), 49 Ind. App. 355, 366, 97 N. E. 452; *Cree* v. *Sherfy* (1894), 138 Ind. 354, 37 N. E. 787; *Bogie* v. *Bogie* (1876), 41 Wis. 209." See also *Rowell* v. *Jewett* (1879), 69 Me. 293; *Eastman* v. *Batchelder* (1858), 36 N. H. 141, 72 Am. Dec. 295; *Bethlehem* v. *Annis* (1860), 40 N. H. 34, 77 Am. Dec. 700; *Wilder* v. *Whittemore* (1818), 15 Mass. 261; *Thayer* v. *Richards* (1837), 36 Mass. (19 Pick.) 398; *Leach* v. *Leach* (1853), 4 Ind. 628, 58 Am. Dec. 642; *Hefner* v. *Yount* (1847), 8 Blackford 455.

There is no need for further repetition. There is no error and the judgment appealed from is affirmed and it is so ordered.